**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD J. SILVERBERG and** | : | |
| **ELS REALCO LLC** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-05034** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the City Defendants' Motion for Sanctions, it is **HEREBY ORDERED** that the Motion is **GRANTED** and it is hereby **FURTHER ORDERED** that:

1. The above-captioned case shall be **DISMISSED WITHOUT PREJUDICE with respect to the City Defendants**; and

2. Under the authority of Rule 11 and of Local Rule of Civil Procedure 83.6, the Clerk of Court is directed to send a copy of this order and the accompanying opinion to the Disciplinary Board of the Supreme Court of Pennsylvania for such further action, if any, as the Board may deem appropriate.


BY THE COURT:


_____
SURRICK, J.
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD J. SILVERBERG and** | : | |
| **ELS REALCO LLC** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-05034** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## CITY DEFENDANTS' MOTION FOR SANCTIONS

Defendants City of Philadelphia, James Kenney, Tumar Alexander, Frank Breslin, Marcel Pratt, Diana Cortes, Marissa O'Connell, Brian Cullin, and Kelly Diffily (hereinafter "City Defendants") hereby move this Court to issue sanctions against Plaintiff Richard Silverberg under Rule 11 of the Federal Rules of Civil Procedure. In support of this Motion, the City Defendants incorporate the following Memorandum of Law. The City Defendants request that the Court dismiss this matter against the City Defendants without prejudice and refer Mr. Silverberg to the Disciplinary Board of Pennsylvania Supreme Court to investigate violations of the Pennsylvania Rules of Professional Conduct.

Date: February 8, 2021                              Respectfully submitted,


/s/ *Lydia Furst*_____
Lydia Furst
Deputy City Solicitor
Pa. Attorney ID No. 307450
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-3573

Lydia.Furst@phila.gov

/s/ *Meghan Byrnes*
Meghan Byrnes
Deputy City Solicitor
Pa. Attorney Id. No. 321316
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
215-683-5011
Meghan.Byrnes@phila.gov

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND......................................................................................... 2

    A.   Mr. Silverberg files a RICO case—*Silverberg I*—to avoid paying delinquent taxes owed to the City................................................................................................................... 2

    B.   The City Defendants discover assets that Mr. Silverberg concealed and file suit to recover them under the Pennsylvania Uniform Fraudulent Transfer Act............................................. 6

    C.   Mr. Silverberg unsuccessfully attempts to quell the City's collection efforts through a series of threatening letters to the City Defendants and William Penn Foundation, and, after no response, files *Silverberg II*.................................................................................................. 7

II. THROUGH *SILVERBERG II*, MR. SILVERBERG ENGAGES IN BAD FAITH LITIGATION AIMED AT HARASSING THE CITY DEFENDANTS IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE 11(b)(1) AND 11(b)(2)............................. 10

    A.   Standard of Review................................................................................................. 10

    B.   Mr. Silverberg used *Silverberg II* for the improper purpose to coerce and harass them into relinquishing the Judgment............................................................................................. 11

    C.   *Silverberg II* is not well grounded in law because it is barred by several threshold legal doctrines and it otherwise should not have been filed as a separate lawsuit........................... 13

III. GIVEN HIS HISTORY OF ABUSIVE AND FRIVOLOUS RICO LITIGATION, DISMISSAL AND AN ETHICAL REFERRAL ARE APPROPRIATE SANCTIONS MR. SILVERBERG'S RULE 11 VIOLATIONS. ....................................................................... 15

    A.   Mr. Silverberg's history of filing unsupported RICO cases against his adversaries supports the need for harsh sanctions in this case.............................................................................. 15

    B.   Dismissal and an ethical referral are the only sanctions sufficient to put an end to Mr. Silverberg's conduct. ....................................................................................................... 19

IV. CONCLUSION.......................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcan Aluminum Corp. v. Lyntel Prod., Inc.*,
 656 F. Supp. 1138 (N.D. Ill. 1987) ................................................ 12

*Arab African Int'l Bank v. Epstein*,
 10 F.3d 168 (3d Cir. 1993) .......................................................... 11

*Beam v. Bauer*,
 88 F. App'x 523 (3d Cir. 2004) .................................................. 14

*Campbell v. Pa. Sch. Bds. Ass'n*,
 No. CV 18-892, 2018 WL 6727821 (E.D. Pa. Dec. 21, 2018) ........................... 11

*Choi v. Kim*,
 258 F. App'x 413 (3d Cir. 2007) ................................................ 19

*City of Phila. v. Richard J. Silverberg & Assocs. et al.*,
 No. 1783 C.D. 2017, 2019 WL 1502343 (Pa. Commw. Ct. Apr. 4, 2019) ........................ 3, 4

*City of Phila. v. Richard J. Silverberg & Assocs., P.C.*,
 No. 2906 EDA 2017, 2017 WL 5652530 (Pa. Com. Pl. Oct. 24, 2017) ............................. 4

*City of Phila. v. Richard J. Silverberg Assocs., P.C. et al.*,
 220 A.3d 533 (Pa. 2019) ............................................................... 4

*Cooter & Gell v. Hartmarx Corp.*,
 496 U.S. 384 (1990) .................................................................. 10

*Del Guice v. S.A.C. Capital Mgmt. LLC*,
 No. 06-1413, 2009 WL 424368 (D.N.J. Feb. 19, 2009) .................................... 20

*DiPaolo v. Moran*,
 407 F. 3d 140 (3d Cir. 2005) ..................................................... 15, 20

*Doering v. Union County Board of Chosen Freeholders*,
 857 F.2d 191, 195 (3d Cir. 1988) .................................................... 15

*Ford Motor Co. v. Summit Motor Prods., Inc.*,
 930 F.2d 277 (3d Cir. 1991) ........................................................ 10

*Jackson v. Rohm & Haas Co.*,
 366 F. App'x 342 (3d Cir. 2010) ............................................. 9, 16, 18, 20

*Jackson v. Rohm & Haas Co.*,
No. 03-5299, 2005 WL 1592910 (E.D. Pa. June 30, 2005), *aff'd* 2007 WL
579662 (3d Cir. Feb. 26, 2007) ........................................................................... 16

*Jackson v. Rohm & Haas Co.*,
No. 05-4988, 2006 WL 1892661 (E.D. Pa. July 7, 2006) ................................... 17

*Jackson v. Rohm & Haas Co.*,
No. 05-4988, 2006 WL 680933 (E.D. Pa. Mar. 9, 2006) ...........................9, 16, 17

*Jackson v. Rohm & Haas Co.*,
No. 05-4988, 2008 WL 3930510 (E.D. Pa. Aug. 26, 2008) ............................... 18

*Jackson v. Rohm & Haas Co.*,
No. 05-4988, 2009 WL 773936 (E.D. Pa. Mar. 19, 2009) .................................. 17

*Jacovetti Law, P.C. v. Shelton*,
No. 2:20-CV-00163-JDW, 2020 WL 1491320 (E.D. Pa. Mar. 27, 2020) .....................19, 21

*Keyes v. Nationstar Mortg., LLC*,
No. 1:20-cv-02649, 2020 WL 6111036 (D. N.J. Oct. 16, 2020) ........................ 12

*Lieb v. Topstone Indus., Inc.*,
788 F.2d 151 (3d Cir. 1986) ............................................................................... 10

*Myers v. Sessoms & Rogers, P.A.*,
781 F. Supp. 2d 264 (E.D.N.C. 2011) ................................................................ 12

*In re Orthopedic "Bone Screw" Prods. Liab. Litig.*,
132 F.3d 152 (3d. Cir. 1997) ............................................................................... 19

*Poulis v. State Farm Fire & Cas. Co.*,
747 F.2d 863, 868 (3d Cir. 1984) ..................................................................19, 20

*Quiroga v. Hasbro*,
934 F.2d 497 (3d Cir. 1991) ............................................................................... 11

*Shine v. Bayonne Bd. of Educ.*,
633 F. App'x 820 (3d Cir. 2015) ........................................................................ 15

*Silverberg v. City of Phila. et al.*,
No. 19-2691, 2019 WL 4059015 (E.D. Pa. Aug. 27, 2019) ................................. 3

*Silverberg v. City of Phila. et al.*,
No. 19-2691, 2020 WL 108619 (E.D. Pa. Jan. 8, 2020) ................................3, 4, 5

*Teamsters Local Union No. 430 v. Cement Express, Inc.*,
    841 F.2d 66 (3d Cir. 1988)............................................................................................ 10

*Young v. Smith*,
    905 F.3d 229 (3d Cir. 2018) ....................................................................................... 21

**Statutes**

42 Pa. C.S. § 5529(a)..................................................................................................... 4

Phila Code § 19-504........................................................................................................ 3

**Other Authorities**

Federal Rules of Civil Procedure Rule 11 ...........................................................*passim*

Local Rule 5.1.2(6)......................................................................................................... 3

Local Rule 83.6, Rule IV.B.......................................................................................... 20

Pennsylvania Rules of Professional Conduct Rule 3.1 .........................................2, 20

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD J. SILVERBERG and** | : | |
| **ELS REALCO LLC** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-05034** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## CITY DEFENDANTS' MOTION FOR SANCTIONS

Instead of paying a years-old tax delinquency, Plaintiff Richard Silverberg brings this RICO lawsuit to attempt to thwart—*for the second time*—the City of Philadelphia's tax collection actions.  Mr. Silverberg—acting as his own counsel and counsel for his LLC— filed this second lawsuit (the "Amended Complaint" or "*Silverberg II*") alleging unsupported RICO, constitutional, and tort claims against the City of Philadelphia (the "City"), the Mayor, and several City employees (collectively, the "City Defendants").  *Silverberg II* is nearly a carbon copy of a case this Court dismissed almost one year ago for lack of subject matter jurisdiction and now pending on appeal before the Third Circuit.  *See* Silverberg v. City of Phila. et al., No. Civ. A. 19-cv-2961 (E.D. Pa. 2019) (hereinafter referred to as "*Silverberg I*").  *Silverberg II* asserts continuing harm using *the exact same counts* against the *exact same City Defendants*, only adding one City Defendant and now naming the William Penn Foundation, the chairperson of its board of directors, and Court of Common Pleas Judge Joshua Roberts as defendants and alleged co-conspirators.

Mr. Silverberg did not file *Silverberg II* as a good faith effort to vindicate his federal rights. Like its predecessor, *Silverberg II* aims to harass the City Defendants into abandoning their ongoing tax enforcement efforts. Notably, this new RICO case comes on the heels of the City discovering and pursuing assets that Mr. Silverberg improperly concealed from the City to purchase a luxury condominium.

As just one example of his bad faith, Mr. Silverberg has sued every attorney from the City Law Department even tangentially involved in the City's ongoing collection efforts, with the exception of undersigned counsel. Moreover, Mr. Silverberg filed *Silverberg II* knowing that it lacked any legal merit. Notwithstanding the fact that his claims are wholly meritless, *Silverberg II* (like *Silverberg I*) is barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, principles of comity, and—at least with respect to the City Defendants—*res judicata*. As such, Mr. Silverberg presents a violation of the duties imposed by Rule 11 of the Federal Rules of Civil Procedure and Rule 3.1 of the Pennsylvania Rules of Professional Conduct. Mr. Silverberg's behavior mandates dismissal of this action against the City Defendants and an ethical referral to the Pennsylvania Supreme Court, especially in light of Mr. Silverberg's documented history of—and sanctions for—bringing RICO cases against other state court adversaries.

## I. FACTUAL BACKGROUND

### A. Mr. Silverberg files a RICO case—*Silverberg I*—to avoid paying delinquent taxes owed to the City.

This Court is well-versed in the facts giving rise to both *Silverberg I*, and the case *sub judice*, *Silverberg II*. To summarize, Mr. Silverberg's various claims against the City Defendants derives from his own failure to pay business privilege, wage, and net profit taxes

owed to the City of Philadelphia stemming from the years 1992 through 2004.  *Silverberg v. City of Phila. et al.*, No. 19-2691, 2020 WL 108619, at *1 (E.D. Pa. Jan. 8, 2020).

     As a principal of his law firm, Mr. Silverberg was responsible for deducting and collecting wage taxes (which are self-assessed "trust" taxes) from his employees as an agent for the City—which he did.  *See generally* PHILA CODE § 19-504; *City of Phila. v. Richard J. Silverberg & Assocs. et al.*, No. 1783 C.D. 2017, 2019 WL 1502343, at *1 (Pa. Commw. Ct. Apr. 4, 2019).  But, he never turned over approximately forty thousand dollars in these taxes he collected from his employees to the City.  *Id.*  Nor did he pay approximately $41,000 in the business privilege and net profit taxes owed during this time.  Mr. Silverberg's delinquency eventually compelled the City to seek, and be granted, judgment in the Court of Common Pleas in the amount of $310,586.53 (the "Judgment," and this action hereinafter referred to as the "State Court Action.").[1]  *Id.* at 1; *see also* Am. Compl. ¶ 27, *Silverberg I* (attached hereto as Exhibit "A").[2]

     For twelve years thereafter, Mr. Silverberg did not pay even a penny of the Judgment, and the City renewed its enforcement efforts in March 2017, as permitted by state statute.

---

[1] The complaint filed in the Court of Common Pleas in March 2008 requested a combined unpaid tax principal in the amount of $85,985.82.  *See Silverberg v. City of Phila. et al.*, No. 19-2691, 2019 WL 4059015, at *2 n.3 (E.D. Pa. Aug. 27, 2019) (itemizing amounts owed).  Due to years of nonpayment, Mr. Silverberg and his law firm accrued $224,600.71 in statutory interest, penalties, and fines.  *Id.*  Neither Mr. Silverberg nor his law firm appeared to contest the tax complaint, and on June 3, 2008, the Philadelphia Court of Common Pleas entered the Judgment against him by default. Ex. A at ¶ 27.

[2] In accordance with Local Rule 5.1.2(6) ("Attachments and Exhibits"), certain documents in the Exhibits attached hereto have been excerpted, where feasible, to include only the first page of the document and any other pages relevant to this Motion. U.S. Dist. Ct. Rules E.D. Pa., Civil Rule 5.1.2(6).

*Richard J. Silverberg & Assocs.*, 2019 WL 1502343, at *2; *see also* 42 Pa. C.S. § 5529(a).

Instead of satisfying the Judgment, Mr. Silverberg exhumed the State Court Action by filing a

motion to enjoin its enforcement, claiming that the City "abandoned" the Judgment. *Silverberg*,

2020 WL 108619, at *2; Ex. A at ¶¶ 67-71.  The Court of Common Pleas denied the motion,

concluding in a detailed opinion that the City's execution attempts were valid until June 2028.

*City of Phila. v. Richard J. Silverberg & Assocs.*, *P.C.*, No. 2906 EDA 2017, 2017 WL 5652530,

at *3 (Pa. Com. Pl. Oct. 24, 2017).

Undeterred, Mr. Silverberg appealed to the Commonwealth Court, adding a new

argument that the City purposefully delayed collection for "tactical" and "financial" purposes.

*See* Brief for Appellant at 23-24, 29, City of Phila. v. Richard J. Silverberg & Assocs. PC, No.

1783 C.D. 2017 (Pa. Commw. Ct. Mar. 28, 2018) (attached hereto as Exhibit "B").  On April 4,

2019, the Commonwealth Court affirmed, concluding that the issues were "ably resolved" by the

Court of Common Pleas.[3]  *Richard J. Silverberg & Assocs.*, 2019 WL 1502343, at *1,3.

Given this greenlight by the Commonwealth Court, the City resumed its collection efforts

in April 2019 through Defendant Deputy City Solicitor Brian Cullin. Ex. A at ¶¶ 88-97.  As with

other parties, the City attempted to negotiate a settlement with Mr. Silverberg. *Id.* at ¶ 93. When

those efforts were unsuccessful, Mr. Silverberg pursued federal litigation—*Silverberg I*—

asserting a vast (yet totally unsupported) citywide conspiracy of unlawful tax collection practices

in violation of various state torts and federal laws—including constitutional violations under the

---

[3] Mr. Silverberg appealed to the Pennsylvania Supreme Court, which *per curiam*, denied his
Petition for Allowance of Appeal on November 19, 2019.  *See City of Phila. v. Richard J.
Silverberg Assocs., P.C. et al.*, 220 A.3d 533 (Table) (Pa. 2019).

First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq. See id.* at ¶¶ 32-64; 77-82; 92-127.

In *Silverberg I*, Mr. Silverberg's basic premise was this: the City and its officials and employees purposefully sat on older judgments (such as his) so that they could later reap additional interest and penalties. Without any factual support, he alleged that additional monies received from delayed enforcement were part a scheme to cushion revenue shortfalls caused by the underperformance of the City's beverage tax, and to fund Mayor Kenney's "Rebuild" program—which was also funded in part by a large charitable donation from the William Penn Foundation ("WPF"). Without citing any collection activity other than the City's efforts against him (which state courts had already validated), he alleged the City collected old tax judgments improperly in service of "political initiatives, objectives, and agendas, the Kenney administration, and Mayor Kenney's re-election." *See generally* Ex. A at ¶¶ 131-42.

On January 8, 2020, this Court dismissed *Silverberg I* without prejudice, finding that it did not have subject matter jurisdiction under the *Rooker-Feldman* doctrine and principles of comity; and otherwise would have refrained from deciding the merits of his non-constitutional claims under the *Younger* abstention doctrine. *Silverberg*, 2020 WL 108619, at *3, 5-7 ("Federal courts are loath to interfere in state tax collection matters and routinely abstain from or otherwise decline to exercise jurisdiction over disputes involving state tax collection. This is one of those cases."). Mr. Silverberg appealed to the Third Circuit, which submitted the case on the briefs and a decision is pending. Docket at 5-6, Richard Silverberg v. City of Phila. et al., No. 20-1257 (3d Cir. 2020) (attached hereto as Exhibit "C").

**B.    The City Defendants discover assets that Mr. Silverberg concealed and file suit to recover them under the Pennsylvania Uniform Fraudulent Transfer Act.**

During *Silverberg I*, the City (via Mr. Cullin) continued its attempts to enforce and collect the Judgment. As a result of discovery efforts in aid of execution, Mr. Cullin received information that in 2011—three years after the Judgment was entered—Mr. Silverberg formed a shell company—ELS Realco—and funneled at least $618,000 to it to purchase a luxury condominium in Philadelphia for his primary residence. As a result of this discovery, on October 1, 2019, the City filed a suit against Mr. Silverberg and his LLC, ELS Realco, in the Philadelphia Court of Common Pleas alleging violations of the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA," this action referred to herein as the "PUFTA Case"). Docket at 3, City of Phila. v. Silverberg et al., No. 190903805 (Pa. Com. Pl. 2019) (attached hereto as Exhibit "D"); PUFTA Compl. ¶¶ 4, 13-16, 29, City of Phila. v. Silverberg et al., No. 190903805 (Pa. Com. Pl. Oct. 1 2019) (attached hereto as Exhibit "E").

For over a year—November 2019 through November 2020—Mr. Silverberg unsuccessfully attempted to delay and prevent discovery in the PUFTA case, which ultimately resulted in a series of sanctions against him and his shell corporation. He filed *six* motions requesting a stay of discovery and protective orders [*see* Ex. D at 4, 6, 13, 22-23, 29, 33]; two premature summary judgment motions [*id.* at 6, 33]; and two requests to disqualify the City's counsel [*id.* at 23, 26].[4]

---

[4] The court denied or dismissed all of these motions, with the exception of defendants' first motion to stay, which was withdrawn, and the second motion for summary judgment which is now mooted by the Default Judgment. Ex. D at 5, 10-11, 21, 26, 31, 40, 43.

When his various motions were unsuccessful, Mr. Silverberg simply ignored court orders compelling discovery.  He failed to respond to the City's requests for written discovery and refused to appear for two scheduled depositions. *See, e.g.*, Pl.'s Motion for Sanctions 1-2, City of Phila. v. Silverberg et al. No. 190903805 (Pa. Com. Pl. Sept. 17, 2020) (attached hereto as Exhibit "F"); Pl.'s Motion for Sanctions 1-3, City of Phila. v. Silverberg et al. No. 190903805 (Pa. Com. Pl. Oct. 2, 2020) (attached hereto as Exhibit "G").  For his noncompliance, on October 6, 2020, the Court sanctioned Mr. Silverberg and ELS by deeming all requests for admissions as admitted, and compelling them to appear for depositions within ten days. *See* Ex. D at pp. 39-41; Oct. 6 Orders, City of Phila. v. Silverberg et al. No. 190903805 (Pa. Com. Pl. Oct. 6, 2020) (attached hereto as Exhibit "H").  For the third time, Mr. Silverberg (on behalf of himself and ELS) failed to appear for their depositions.  As a final sanction, the court granted default judgment against them in the amount of $340,581.00 and specifically permitted the City to move forward with levying and executing against the condo to satisfy the judgment.  Ex. D at pp. 46-47.  On November 23, 2020, Mr. Silverberg and ELS Realco appealed to Commonwealth Court and the appeal remains pending.  *Id*. at 48.

C. **Mr. Silverberg unsuccessfully attempts to quell the City's collection efforts through a series of threatening letters to the City Defendants and William Penn Foundation, and, after no response, files *Silverberg II*.**

During *Silverberg I* and the PUFTA case, Mr. Silverberg supplemented his in-court abusive and obstructive behavior by sending a series of threatening letters to the City Defendants, eventually including the William Penn Foundation. These communications include, but are not limited to, the following:

- On November 26, 2019—five days after the Pennsylvania Supreme Court denied *allocatur* in the State Court Action and less than two weeks after this Court denied

7

his second request for a TRO in *Silverberg I* —Mr. Silverberg threatened to make criminal referrals of several City Defendants, including but not limited to Defendants Kenney, Pratt, and Cullin to the U.S. Attorney's Office and the Attorney General of Pennsylvania.  Letter from Richard J. Silverberg to Brian Cullin & Lydia Furst dated Nov. 26, 2019 (attached hereto as Exhibit "I")

- On December 4, 2019, Mr. Silverberg sent emails to Mr. Cullin and undersigned counsel (Furst) stating: "[s]o, while this has been fun and all, why don't you make a realistic, reasonable demand before these next steps, and *before some people get really hurt here.*" Email from Richard J. Silverberg to Brian Cullin & Lydia Furst dated Dec. 4, 2019 (attached hereto as Exhibit "J"); and

- On July 27, 2020 and August 26, 2020 Mr. Silverberg sent letters to Defendant Haas, copying counsel for the City Defendants, where he labeled William Penn Foundation a RICO enterprise and a beneficiary of the City's alleged improprieties; accused the City attorneys of misconduct; and threatening a second RICO complaint. Letter from Richard J. Silverberg to Janet Haas, M.D. dated July 27, 2020 (attached hereto as Exhibit "K"); Letter from Richard J. Silverberg to Janet Haas, M.D. dated Aug. 26, 2020 (attached hereto as Exhibit "L").

On October 12, 2020, Mr. Silverberg initiated *Silverberg II* by filing the original

complaint in this matter. *See* Compl., Oct. 12, 2020, ECF No. 1.  Instead of serving it on the

defendants, Mr. Silverberg continued to threaten them:

- On November 16, 2020—four days after the PUFTA default judgment—Mr. Silverberg attempted to dissuade the City Defendants and William Penn from defending *Silverberg II*: "I suppose the City/William Penn can continue to fight the RICO cases, but to what end? Going forward, it will be a 'death by a thousand cuts' whereby fraud, abuse of process, conspiracy, and attorney misconduct will be dissected by lawyers who are pretty good at that sort of thing.  Meanwhile, fees will only continue to grow." Letter from Richard J. Silverberg to Marcel Pratt, Esq. & Janet Haas, M.D. dated Nov. 16, 2020 (attached hereto as Exhibit "M"); and

- On November 30, 2020, Mr. Silverberg sent a letter directly to Mr. Pratt, copying Dr. Haas, focusing on the recent public announcement of Mr. Pratt's acceptance of a position as managing partner of Ballard Spahr's Philadelphia office. Mr. Silverberg characterized Mr. Pratt's departure as an attempt to "flee the scene of the crime" and implying that   Mr. Pratt's new employer had engaged in wrongdoing: "With respect to Ballard, the firm has either engaged in no due diligence, is aware of your role and responsibility in the state and federal cases and determined to hire you anyway, or is a party to an arrangement that includes offering you a position." The letter concludes by questioning Mr. Pratt's leadership,

> threatening to "expose" the City's wrongdoing by stating "This is now at the point where it will take little for this entire enterprise to crumble – very little." Letter from Richard J. Silverberg to Marcel Pratt, Esq. dated Nov. 30, 2020 (attached hereto as Exhibit "N").

Neither the City Defendants nor anyone from WPF responded to Mr. Silverberg.

On January 6, 2021, undersigned counsel sent, via email and First Class Mail, Mr. Silverberg a draft copy of the instant Motion for Sanctions, accompanying Memorandum of Law, and Exhibits A-R in satisfaction of Fed. R. Civ. P. 11(c)(2).[5]  *See* Email from M. Byrnes to R. Silverberg dated January 6, 2021 (attached hereto as Exhibit "S").  From January 6, 2021 until January 29, 2021, Mr. Silverberg did not indicate to counsel for City Defendants that he would withdraw the original complaint against the City Defendants.  Instead, on January 29, 2021, Mr. Silverberg doubled down on his claims by filing the Amended Complaint, which kept intact all original claims against the City Defendants and WPF Defendants, and tacked on additional claims against a new defendant, Court of Common Pleas Judge Joshua Roberts, who presided over the PUFTA case.[6]

---

[5] Undersigned counsel made some minor changes from the draft motion sent to Mr. Silverberg on January 6, 2021 to the instant motion filed with this Court.

[6] The filing of the Amended Complaint does not moot the relief requested by this Motion for Sanctions because Mr. Silverberg did not defend or disavow the original complaint within 21 days.  Further, the Amended Complaint retains the same sanctionable claims against the City Defendants as the original complaint.  *See Jackson v. Rohm & Haas Co.*, No. 05-4988, 2006 WL 680933, at *3 (E.D. Pa. Mar. 9, 2006), *aff'd* 366 F. App'x 342 (3d Cir. 2010).  In *Jackson*, Mr. Silverberg (on behalf of his client, Jackson) made a similar attempt to evade sanctions by amending his complaint.  There, he filed an amended complaint while the defendants' motion for sanctions was pending.  The District Court rejected Mr. Silverberg's argument that the amended complaint caused the original one to "vanish without a trace" and held that "if that original complaint contravened rule 11, the violation was complete when Jackson failed to withdraw the original complaint within 21 days of receipt of the Rule 11 Motion challenging the pleading . . . .  Because Jackson neither defended nor disavowed his original *Jackson II* complaint, he is subject to sanctions if that pleading is found to violate Rule 11." *Id.* at *3.

## II.   THROUGH *SILVERBERG II*, MR. SILVERBERG ENGAGES IN BAD FAITH LITIGATION AIMED AT HARASSING THE CITY DEFENDANTS IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE 11(b)(1) AND 11(b)(2).

### A.   Standard of Review

Federal Rule of Civil Procedure 11's central purpose "is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Federal Rule of Civil Procedure 11(b) provides that an attorney, by presenting a pleading to a federal district court, certifies that "(1) it is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "(2) the claims, defenses, and other legal contentions are warranted by existing law[.]"  Fed. R. Civ. 11(b)(1)-(2).

"The standard for testing conduct under Rule 11 is reasonableness under the circumstances." *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir. 1988).  Reasonableness is "objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact."  *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations omitted).  In assessing whether a pleading is used for an improper purpose under Rule 11(b)(1), "the test is an objective one." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) (quotation omitted).  As such,

---

Accordingly, this court can still sanction Mr. Silverberg for initiating *Silverberg II* via the original complaint, and because it has wide discretion in fashioning an appropriate sanction, can now dismiss the Amended Complaint (containing exactly the same claims) against the City Defendants.

Rule 11 sanctions are appropriate where a claim is "patently unmeritorious or frivolous." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 175 (3d Cir. 1993) (quotation omitted).[7]

**B.    Mr. Silverberg used *Silverberg II* for the improper purpose to coerce and harass them into relinquishing the Judgment.**

Mr. Silverberg violated Rule 11(b)(1) by using this case to attempt to thwart valid collection efforts against him and his LLC and to harass the City Defendants. The timing and content of Mr. Silverberg's filings and out-of-court communications evidence his goal to harass City Defendants and hinder enforcement of a thrice-validated state court judgment.

First, like its predecessor, *Silverberg II* contains highly inflammatory and completely baseless claims of criminal malfeasance aimed at harassing the City Defendants.[8]  Moreover, the timing of his federal complaints follows the series of setbacks he suffered in state court.  Mr.

---

[7]  Although not the subject of the instant Rule 11 motion, Mr. Silverberg's out-of-court communications listed above not only evidence his improper motives in bringing *Silverberg II*, but are in of themselves separately sanctionable pursuant to this Court's inherent authority. Where Rule 11 by its own terms applies only to filed claims and motions, courts nevertheless have significant leeway to sanction a party's out-of-court abuses of the judicial process. *Quiroga v. Hasbro*, 934 F.2d 497, 505 (3d Cir. 1991) ("[I]t is well-established that courts have the power to impose sanctions on both litigants and attorneys to regulate their docket, to promote judicial efficiency, and to deter abuse of judicial process."); *Campbell v. Pa. Sch. Bds. Ass'n*, No. CV 18-892, 2018 WL 6727821, at *7 (E.D. Pa. Dec. 21, 2018) (sanctioning plaintiff's counsel for extrajudicial communications to defendants and defense counsel, finding his "remarks go beyond one or two statements made in poor taste and extend to numerous instances of impermissible, unprofessional communications.  Because [plaintiff's counsel] could not have a good faith reason for communicating in such a manner other than to 'embarrass' and 'burden' opposing counsel, the Court concludes that [plaintiff's counsel] acted with subjective bad faith[.]").

[8]  *See, e.g.*, Am. Compl. ¶ 191 ("Wrongdoing has become so rampant and unethical behavior so normalized, that lawyers and those who supervise them are willing to engage in what once were considered unthinkable violations of the Code of Professional Responsibility."); *id.* at ¶ 192 ("[I]t is apparent that defendants Kenney, Pratt, and others simply will continue to operate the City and its Law Department as criminal enterprises.").

Silverberg threatened to file *Silverberg I* less than three weeks after the Commonwealth Court in the State Court Action greenlighted the City's continued enforcement efforts. *See* Am. Compl. ¶ 97. Similarly, Mr. Silverberg filed *Silverberg II* on October 12, 2020—just six days after the Court of Common Pleas issued sanctions against him for his noncompliance in the PUFTA case and ordered him for a second time to appear for deposition. [9] *See* Ex. D at pp. 39-41.

In addition, Mr. Silverberg's bizarre and threatening letters to the City Defendants reveal his improper motives in in filing *Silverberg II*. In his July and August 2020 letters he conspicuously dangled the possibility of yet another RICO case over the defendants' heads. *See* Exs. K, L. The timing of the final two letters in November 2020 further evidence that *Silverberg II* is not a true effort to vindicate his claimed federal rights, but rather to badger the City into abandoning its enforcement efforts. *See* Exs. M, N. Mr. Silverberg filed *Silverberg II* on October 12, 2020 but did not actually request waiver of service until over two months later. *See* ECF Nos. 3-11. Mr. Silverberg's delay in serving *Silverberg II* further evidences that with these federal lawsuits, his only purpose is to stop the valid state court collection efforts against him that he has unsuccessfully avoided in spite of a pattern of noncompliance and attempted delay.

---

[9] Other courts have found evasion of a state court judgment to be an improper purpose under Rule 11(b)(1). *See, e.g.*, *Keyes v. Nationstar Mortg., LLC*, No. 1:20-cv-02649, 2020 WL 6111036, at **10-11 (D.N.J. Oct. 16, 2020) (sanctions against plaintiff warranted where sole purpose of federal suit was to evade mortgage foreclosure; federal suit was patently frivolous because it was barred by the *Rooker-Feldman* and entire controversy doctrine); *Myers v. Sessoms & Rogers, P.A.*, 781 F. Supp. 2d 264, 270 (E.D.N.C. 2011) (citations omitted) (awarding sanctions under Rule 11(b)(1) where plaintiff filed a frivolous FDCPA complaint to obtain leverage in settling the underlying debt); *Alcan Aluminum Corp. v. Lyntel Prod., Inc.*, 656 F. Supp. 1138, 1144 (N.D. Ill. 1987) (imposing sanctions where a party ignored *Rooker-Feldman* and filed the suit to harass the opposing party and prevent collection of a judgment).

**C.**   ***Silverberg II* is not well grounded in law because it is barred by several threshold legal doctrines and it otherwise should not have been filed as a separate lawsuit.**

Mr. Silverberg had no adequate legal or factual basis to initiate *Silverberg II*, in violation of Rule 11(b)(2).  Just like its predecessor, the Amended Complaint is also barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, principles of comity, and—with respect to the City Defendants—*res judicata*.  While the City Defendants will not re-hash the entirety of those arguments here, the Amended Complaint in *Silverberg II* is almost a word-for-word recitation of *Silverberg I*, with the exception that it adds new defendants and alleges continuing harm (the PUFTA case) to support the same federal and state tort actions.  Simply put, Mr. Silverberg's new claims of harm arising from the PUFTA action stem from the same underlying harms already examined in *Silverberg I*—the Judgment and attempts to enforce it.  As such, just like in *Silverberg I*, these threshold legal doctrines also completely bar *Silverberg II*.[10]

---

[10] Notwithstanding these threshold barriers, even a cursory examination of the merits reveals no reasonable legal or factual basis.  Like *Silverberg I*, *Silverberg II* sets forth only conclusory and implausible factual averments and boilerplate recitations of the law.  Specifically, the two Section 1983 claims fail to articulate a policy or custom that would establish municipal liability and his claims were limited to only personal grievances.  With respect to the individual defendants, Mr. Silverberg failed to allege sufficient facts—let alone plausible ones—that they were personally involved or otherwise violated a "clearly established right."  His RICO claims fail for two main reasons. First, it is well-established that civil RICO actions cannot be brought against municipal corporations.  Second, with respect to the individual defendants, he has not alleged any facts (other than boilerplate conclusions) showing that their actions constituted the necessary predicate acts of racketeering activity in the form extortion, witness tampering, obstruction of justice, mail/wire fraud, or conspiracy.  Moreover, because Mr. Silverberg is still unable to allege any facts sufficient to establish wrongful intent, the City Defendants are entitled to immunity under the Pennsylvania Political Subdivisions Torts Claims Act for the state tort claims. The City Defendants hereby incorporate by reference the arguments made in their Brief in Support of Motion to Dismiss Third Circuit Brief filed in *Silverberg I*.  *See* Brief for Defendants, Silverberg v. City of Phila., No. 19-cv-2691 (E.D. Pa. Sept. 17, 2019), ECF No. 23 (attached hereto as Exhibit "O"); Brief for Appellees, Silverberg v. City of Phila., No. 20-1257 (3d Cir. June 9, 2020), ECF No. 25 (attached hereto as Exhibit "P").

13

Further, *Silverberg II* has no legal basis as a separate and freestanding case from *Silverberg I*. Even if the Third Circuit remands *Silverberg I* for this Court's determination on the merits, the proper and economical avenue for Mr. Silverberg to assert continuing injury would be through another amended complaint in *Silverberg I*, not a completely separate lawsuit. Mr. Silverberg explicitly recognized this in his July 27, 2020 letter in which he stated that he intended to "update" his allegations with either an amended complaint or in state court depending upon how the Third Circuit disposes of his appeal:

> Once the jurisdictional issues are sorted out*, the case will either be returned to the district court* or transferred to state court for a determination on the merits. *At that time, a Second Amended Complaint will be filed which will update the allegations and claims.* In the meantime, we will be filing a new Complaint concerning the violations which have occurred since September 2019, the date the Amended Complaint was filed, and which is directly relevant to William Penn.

Ex. K (emphasis added).

Thus, with *Silverberg II,* Mr. Silverberg has essentially disregarded his pending appeal. In another case involving nearly identical circumstances, the Third Circuit affirmed sanctions against a repeat filer for this conduct. *Beam v. Bauer*, 88 F. App'x 523, 526 (3d Cir. 2004) ("In her haste to file a second lawsuit, [plaintiff] disregarded the then-pending appeal before this court. [Plaintiff] would have been well-advised to await our opinion, which ultimately affirmed the result of the first case. Our result would have put [plaintiff] on notice that her claims lacked merit, apart from any concerns about *res judicata*.").

Accordingly, that Mr. Silverberg knew he could seek leave to file a "Second Amended Complaint" undermines any good faith legal basis Mr. Silverberg had for filing *Silverberg II* as a separate lawsuit. Rather, as argued above, *Silverberg II* is devoid of any legal merit and is merely another decoy to harass the City Defendants into abandoning its collection efforts.

III.    **GIVEN HIS HISTORY OF ABUSIVE AND FRIVOLOUS RICO LITIGATION, DISMISSAL AND AN ETHICAL REFERRAL ARE APPROPRIATE SANCTIONS MR. SILVERBERG'S RULE 11 VIOLATIONS.**

*Silverberg II* is the quintessential example of the "redundant and avoidable litigation" Rule 11 seeks to deter.  *Shine v. Bayonne Bd. of Educ.*, 633 F. App'x 820, 824 (3d Cir. 2015). "[T]he guiding purpose in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct." *DiPaolo v. Moran*, 407 F. 3d 140, 146 (3d Cir. 2005).  The court's discretion in choosing an appropriate sanction is broad, *see Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988), and in so determining, courts can consider "whether the improper conduct was willful or negligent; . . . whether the person has engaged in similar conduct in other litigation . . .; whether the responsible person is trained in the law; [and] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

In this case, Mr. Silverberg misused his legal training to engage in a pattern of abusive litigation conduct. This case is not the first, but the *third* time that Mr. Silverberg has lodged collateral RICO cases against his adversaries stemming from setbacks in state court litigation.   In one of these cases, the court sanctioned Mr. Silverberg twice.  Given this history, *Silverberg II* was not an accident, but rather a willful abuse of process further warranting an award of sanctions here.

A.    **Mr. Silverberg's history of filing unsupported RICO cases against his adversaries supports the need for harsh sanctions in this case.**

Mr. Silverberg's conduct in a previous line of cases, *Jackson v. Rohm & Haas*, exposes his *modus operandi* of using RICO actions when he is unable to prevail in ongoing and related

state cases. As discussed below, because the court heavily sanctioned his conduct in the *Jackson*

cases, Mr. Silverberg knew his conduct here would be similarly inappropriate.  As an attorney,

any argument Mr. Silverberg might have that his actions were merely negligent or a product of

zealous advocacy are belied by his behavior and the outcome of *Jackson*.

What Mr. Silverberg did to his adversaries (including counsel) in the *Jackson v. Rohm &*

*Haas* series of cases tracks *exactly* what he does to City Defendants here.  The *Jackson* cases

spanned over 10 years of tortured litigation.  In 1999, Mr. Silverberg brought unsuccessful state

law tort claims on behalf of his client, Jackson, against Jackson's employer, Rohm & Haas. [11]

After that case was dismissed, he brought *three* separate RICO actions in this Court against the

state court defendants (known as *Jackson I* (No. 03-5299), *Jackson II* (No. 05-4988) and *Jackson*

*III* (No. 06-3682)), and in each instance named additional defendants which included previous or

current opposing counsel.

While *Jackson I* was pending, Mr. Silverberg filed *Jackson II*.[12]  Believing that the

complaint in *Jackson II* was frivolous (because it merely tacked on additional claims and

---

[11] Coincidentally or not, Dr. Janet Haas (a defendant in *Silverberg II*) is the wife of the grandson of one of Rohm & Haas' founders.

[12] As further background, in *Jackson I*, Mr. Silverberg filed suit against Rohm & Haas and its attorneys asserting RICO violations and related common law claims stemming from alleged misconduct during the unsuccessful state court proceedings.  *See Jackson v. Rohm & Haas Co.*, 366 F. App'x 342, 344-45 (3d Cir. 2010) (explaining the history of *Jackson I -III*). The District Court dismissed *Jackson I* for lack of standing. *Id.*; *see also Jackson v. Rohm & Haas Co.*, No. 03-5299, 2005 WL 1592910, at *5 (E.D. Pa. June 30, 2005), *aff'd* 2007 WL 579662 (3d Cir. Feb. 26, 2007).  Before final disposition in *Jackson I*,  Mr. Silverberg filed *Jackson II* on behalf of his client tacking on additional defendants, (including the law firm that represented Rohm & Haas in *Jackson I*), complaining of the same alleged misconduct in *Jackson I* and further asserting that defendants conspired to terminate his client's disability benefits for improper purposes. *Jackson*, 366 F. App'x at 345; *see also Jackson v. Rohm & Haas Co.*, No. 05-4988, 2006 WL 680933, at *1 (E.D. Pa. Mar. 9, 2006)

defendants), the defendants in *Jackson II* sought Rule 11 sanctions against Mr. Silverberg. The court granted it, finding that the lawsuit was presented for an improper purpose, frivolous, and otherwise lacked evidentiary support. *Jackson v. Rohm & Haas Co.*, No. 05-4988, 2006 WL 680933, at *7 (E.D. Pa. Mar. 9, 2006). Although he was fined $80,000 in counsel fees, the court still gave Mr. Silverberg the benefit of the doubt and found that his violations did not yet rise to the level of willful misconduct:

> [I]n the course of this hard-fought litigation[,] counsel's zeal undermined his judgment; very regrettably, his zeal has taken him well beyond the bounds of negligence and into a realm of relative indifference to the legal setting in which he was crafting his pleadings. It should be added that, while this is not the first lawsuit between these parties-in-fact, it is the third lawsuit by the same plaintiff against the same core defendants, and arising out of the same alleged harms (but with the cadres of accused defendants and the categories of alleged harms enhanced at each iteration of the charges)-there is no evidence that Jackson's counsel has committed Rule 11 violations in other litigation.

*Id.* at *7. The court later noted that "[t]his court expects that this sanction will put an end to Jackson's Rule 11 violations[.]" *Id.*

After being sanctioned, Mr. Silverberg filed an amended complaint in *Jackson II*, and then filed a third federal complaint, "*Jackson III*" against Rohm & Haas and several additional defendants stemming from Jackson's termination. *Jackson v. Rohm & Haas Co.*, No. 05-4988, 2006 WL 1892661, at *1 (E.D. Pa. July 7, 2006). The court consolidated *Jackson II and III,* and eventually sanctioned Jackson by dismissing 21 out of the 25 claims because of Mr. Silverberg's inappropriate conduct. *Jackson v. Rohm & Haas Co.*, No. 05-4988, 2009 WL 773936, at *1 (E.D. Pa. Mar. 19, 2009) ("Viewed in the light of the history of this litigation and the decisions of this court, the [Consolidated Amended Complaint] seems a model of obstructive and

contumacious posturing.  I do not consider most of the efforts by Jackson's counsel to be appropriate advocacy within the rules[.]").

Expanding on Mr. Silverberg's sanctionable conduct, the district court found that "the worst pleading abuses" in this series of cases arose from the RICO claims, and similarly dismissed the related state law claims because they "reflect[ed] clear disregard for the past directives of this court, and they are substantively interconnected with the RICO claims undermined by the same kinds of pleading flaws." *Id.* at *2.[13]  Ultimately, the Third Circuit affirmed the myriad issues on appeal, labeling Mr. Silverberg's conduct "intractable" and finding his "litany of arguments . . . simply not convincing." *Jackson v. Rohm & Haas Co.*, 366 F. App'x 342, 348-49 (3d Cir. 2010).[14]

---

[13] Beyond Mr. Silverberg's pleading abuses, he engaged in other extreme litigation tactics in *Jackson I-III*.  For instance, Mr. Silverberg used allegations of RICO activity to manufacture claims of disciplinary violations against opposing counsel to seek their disqualification, which the court denied. *Jackson v. Rohm & Haas Co.*, No. 05-4988, 2008 WL 3930510, at **4-5 (E.D. Pa. Aug. 26, 2008); *Jackson v. Rohm & Haas Co.*, 366 F. App'x 342, 348 (3d Cir. 2010).  This is exactly what Mr. Silverberg did to Defendant Cullin in the PUFTA matter.  Further, Mr. Silverberg went so far as to file a motion to enjoin the merger between Rohm & Haas and the Dow Chemical Company "for failure to disclose the three *Jackson* cases to the Securities and Exchange Commission" which was also denied.  *Jackson v. Rohm & Haas Co.*, 366 F. App'x 342, 349 (3d Cir. 2010).

[14] Similarly, in 2012, Mr. Silverberg instituted a RICO action on behalf of his mother and against his brother and his brothers' attorneys as collateral attack on an ongoing state guardianship matter involving those same parties.  *See* Am. Compl. ¶¶ 6, 80, 99, Silverberg v. Silverberg et al., No. 12-0411 (E.D. Pa. Mar. 12, 2012), ECF No. 9 (attached hereto as Exhibit "Q").  Instead of fighting those allegations in the ongoing guardianship matter, Mr. Silverberg again elevated the dispute in a sprawling RICO complaint, contending that the attorneys "engaged in a pattern and practice of knowingly wrongful conduct, which included numerous knowingly false statements, misrepresentations, and/or omissions in legal filings and/or directly to the court, for the specific purpose of facilitating the improper effort to take control of plaintiff's social security benefits and other property, including control of the totality of plaintiff's financial resources." *id.* at ¶ 63.  While defendants' motions to dismiss were pending (and for reasons not evident on

*Jackson I-III* demonstrates not only that Mr. Silverberg's two RICO cases against the City Defendants were nonmeritorious, but also that Mr. Silverberg learned nothing from nor cares about the consequences of his bad faith litigation.

**B.      Dismissal and an ethical referral are the only sanctions sufficient to put an end to Mr. Silverberg's conduct.**

Mr. Silverberg has had over 21 days to familiarize himself with the legal deficiencies in this case and reconsider the improper purposes of filing it.  Because he has not withdrawn this matter, but instead reaffirmed his claims in an Amended Complaint, this Court should sanction Mr. Silverberg by dismissing the case and referring him to the Pennsylvania Supreme Court to investigate violations of the Pennsylvania Rules of Professional Conduct.  While drastic, these sanctions are the minimum sanctions necessary to deter Mr. Silverberg from continuing violations, as he has proven either impervious or at least indifferent to the sanctions and admonitions levied against him in *Jackson I-III. See, e.g., Jacovetti Law, P.C. v. Shelton*, No. 2:20-CV-00163-JDW, 2020 WL 1491320, at *5 (E.D. Pa. Mar. 27, 2020) ("The prior sanctions, and [counsel's] failure to change his ways, demonstrate that harsher sanctions are necessary to make this point.").

Dismissal is the first appropriate sanction for Mr. Silverberg's conduct.[15]  Although attorneys' fees may be a more common sanction, they would likely be ineffectual.  *See DiPaolo*

---

the face of the docket), Mr. Silverberg voluntarily dismissed the amended complaint.  Docket, *Silverberg v. Silverberg et al.*, No. 12-0411 (E.D. Pa. 2012) (attached hereto as Exhibit "R").

[15] Because this Court lacks subject matter jurisdiction to hear the merits of *Silverberg II*, dismissal without prejudice is appropriate. *See In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152 (3d. Cir. 1997).  Because dismissal without prejudice is not an adjudication on the merits, this Court need not analyze the factors set forth in *Poulis State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See Choi v. Kim*, 258 F. App'x 413, 416-17, n.5 (3d Cir. 2007)

*v. Moran*, 407 F. 3d 140, 145 (3d Cir. 2005) (noting that monetary sanctions are used to deter, not compensate). The monetary sanctions levied against him in *Jackson II* did not deter his offensive behavior. *Jackson v. Rohm & Haas*, 366 F. App'x 342, 348 (3d Cir. 2010) (noting Mr. Silverberg's continued sanctionable conduct even after imposition of the monetary sanction). Further still, because Mr. Silverberg has not paid even a penny of the Judgment at the core of these cases (and has evaded payment in violation of PUFTA), the likelihood that he would actually pay monetary sanctions now is slim. Accordingly, dismissal is appropriate in this situation. *See, e.g.*, *Del Guice v. S.A.C. Capital Mgmt. LLC*, No. 06-1413, 2009 WL 424368 (D.N.J. Feb. 19, 2009) (dismissing RICO complaint filed as "counterattack" in an ongoing securities action as "unabashed manipulation of our federal and state courts").[16]

Lastly, this matter should be referred to the Disciplinary Board of the Supreme Court of Pennsylvania for an investigation into whether Mr. Silverberg's actions violate the Pennsylvania Rules of Professional Conduct, which this Court has adopted by Eastern District of Pennsylvania Local Rule 83.6, Rule IV.B, as the Standards of Professional Conduct governing practice before this Court. *See* U.S. Dist. Ct. Rules E.D. Pa., Civil Rule 83.6 (IV.B). *At the very least* Mr. Silverberg's behavior amounts to a plausible violation of Rule 3.1, requiring a good faith basis for initiating litigation. PA ST RPC Rule 3.1 ("A lawyer shall not bring or defend a proceeding,

---

(because dismissal without prejudice does not operate as an adjudication on the merits, *Poulis* factors need not be analyzed).

[16] At the very least, dismissing *Silverberg II* both promotes judicial economy and, because it would be without prejudice, would not be fatal to Mr. Silverberg's new claims in the event that the Third Circuit remands *Silverberg I*. If that happens, the Court can provide leave for Mr. Silverberg to amend his complaint.

or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous[.]")  The Third Circuit and courts within this district do not hesitate to make such referrals when counsel repeats the offending behavior, as Mr. Silverberg has done here and in *Jackson I-III.  See Young v. Smith*, 905 F.3d 229, 238 (3d Cir. 2018) (noting disciplinary referral is appropriate for willful and repeated misconduct); *Jacovetti Law, P.C. v. Shelton*, No. 2:20-CV-00163-JDW, 2020 WL 1491320, at *6 (E.D. Pa. Mar. 27, 2020) (same).

## IV.    CONCLUSION

For Mr. Silverberg's repeated bad faith and willful Rule 11 violations in instituting *Silverberg II*, this Court should dismiss the Amended Complaint without prejudice and refer Mr. Silverberg's conduct to the Pennsylvania Supreme Court to investigate disciplinary violations pursuant to the Pennsylvania Rules of Professional Conduct.

Date:  February 8, 2021                              Respectfully submitted,

                                                      /s/ Lydia Furst
                                                      Lydia Furst
                                                      Deputy City Solicitor
                                                      Pa. Attorney ID No. 307450
                                                      City of Philadelphia Law Department
                                                      1515 Arch Street, 15th Floor
                                                      Philadelphia, PA 19102
                                                      215-683-3573
                                                      Lydia.Furst@phila.gov

                                                      /s/ Meghan Byrnes
                                                      Meghan Byrnes
                                                      Deputy City Solicitor
                                                      Pa. Attorney Id. No. 321316
                                                      City of Philadelphia Law Department
                                                      1515 Arch Street, 17th Floor
                                                      Philadelphia, PA 19102
                                                      215-683-5011

Meghan.Byrnes@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **RICHARD J. SILVERBERG and** | : | |
| **ELS REALCO LLC** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-05034** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the City Defendants' Motion for Sanctions and Exhibits A through S thereto were filed via the Court's electronic filing system and is available for downloading.

Date:  February 8, 2021                    Respectfully submitted,

/s/ *Meghan Byrnes*
Meghan Byrnes
Deputy City Solicitor
Pa. Attorney Id. No. 321316
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
215-683-5011
Meghan.Byrnes@phila.gov
