# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **RICHARD J. SILVERBERG and** | : | |
| **ELS REALCO, LLC,** | : | |
| **Plaintiffs,** | : | |
| | : | **Case Number** |
| **V.** | : | **20-cv-5034** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## [PROPOSED] ORDER

 **AND NOW,** this ____day of _____, 2021, upon consideration of Plaintiffs Richard J. Silverberg and ELS Realco LLC's Motion for a Temporary Restraining Order and/or Preliminary Injunction [ECF No. 15] and City Defendants' responses in Opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED**.


_____
                                        SURRICK, J.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD J. SILVERBERG and** | : | |
| **ELS REALCO, LLC,** | : | |
| **Plaintiffs,** | : | |
| | : | **Case Number** |
| **V.** | : | **20-cv-5034** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## CITY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Defendants, the City of Philadelphia, Mayor James Kenney, Tumar Alexander Marcel S. Pratt, Esq., Frank Breslin, Diana P. Cortes, Esq., Marissa O'Connell, Esq., Brian R. Cullin, Esq., and Kelly Diffily, Esq. (the "City Defendants") hereby file this response in opposition to Plaintiffs Richard J. Silverberg and ELS Realco, LLC's Motion for a Temporary Restraining Order and/or Preliminary Injunction [ECF No. 15]. The Court should deny the motion for the reasons more fully explained in the accompanying memorandum.

WHEREFORE, the City Defendants respectfully request that this Court deny Plaintiffs' motion.

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA CORTES, CITY SOLICITOR

*/s/ Lydia Furst*

By: **Lydia Furst**
Deputy City Solicitor, Affirmative & Special Litigation Unit
P.A. Bar No. 307450
(215) 683-3573 / lydia.furst@phila.gov
*Attorney for City Defendants*

*/s/ Meghan Byrnes*

By: **Lydia Furst**
Deputy City Solicitor, Appeals Unit
P.A. Bar No. 321316

(215) 683-5011 / meghan.byrnes@phila.gov
*Attorney for City Defendants*

Dated: February 22, 2021

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD J. SILVERBERG and** : | |
| **ELS REALCO, LLC,** : | |
| **Plaintiffs,** : | |
| : | **Case Number** |
| **V.** : | **20-cv-5034** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |
| : | |

## CITY DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR RESPONSE IN OPPOSITION
## TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA CORTES, CITY SOLICITOR

By: **Lydia Furst, Esq**
Deputy City Solicitor
Affirmative & Special Litigation Unit
P.A. Bar No. 307450
(215) 683-3573 / lydia.furst@phila.gov

**Meghan Byrnes, Esq.**
Deputy City Solicitor
Appeals Unit
P.A. Bar No. 321316
(215) 683-5011/ meghan.byrnes@phila.gov

*Attorneys for City Defendants*

Dated: February 22, 2021

## I.   <u>INTRODUCTION</u>

Defendants, the City of Philadelphia, Mayor James Kenney, Tumar Alexander, Marcel S. Pratt, Esq., Frank Breslin, Diana P. Cortes, Esq., Marissa O'Connell, Esq., Brian R. Cullin, Esq., and Kelly Diffily, Esq. ("City Defendants"), by and through their undersigned counsel, hereby file this response in opposition to Plaintiffs Richard J. Silverberg and ELS Realco LLC's ("Plaintiffs" or "Mr. Silverberg")[1] Motion for a Temporary Restraining Order and/or Preliminary Injunction  ("Motion"). ECF No. 15.

Plaintiffs' Motion attempts to relitigate an issue that was already decided by this Court in the predecessor case *Silverberg I*—whether this Court may enjoin pending state court tax collection proceedings.  *See* Silverberg v. City of Phila. et al., No. Civ. A. 19-cv-2691 (E.D. Pa. 2019) (hereinafter referred to as "*Silverberg I*").  The answer should still be no, because the Tax Injunction Act and *Younger* abstention bar this Court from granting the requested relief. Lastly, even if this Court could reach the merits of this case (it cannot), Plaintiffs have failed to establish the two essential elements for a temporary restraining order or preliminary injunction: reasonable probability of eventual success in the litigation; and irreparable harm.  For all of these reasons, this Motion should be denied.

## II.   <u>FACTS AND PROCEDURAL HISTORY</u>

### A.   <u>Mr. Silverberg files a RICO case—*Silverberg I*—to avoid paying delinquent taxes owed to the City.</u>

Mr. Silverberg's various claims in both this case (referred to herein as "*Silverberg II*") and *Silverberg I* arise from his own failure to pay business privilege, wage, and net profit taxes

---

[1]  For ease of reference, the use of the phrase "Mr. Silverberg" herein also refers to and includes Plaintiff ELS Realco, LLC where applicable.

1

owed to the City of Philadelphia stemming from the years 1992 through 2004. *Silverberg v. City of Phila. et al.*, No. 19-2691, 2020 WL 108619, at \*1 (E.D. Pa. Jan. 8, 2020); *see also* ECF No. 14 (Am. Compl.) ¶¶ 33-34.

As a principal of his law firm, Mr. Silverberg was responsible for deducting and collecting wage taxes (which are self-assessed "trust" taxes) from his employees as an agent for the City—which he did. *See generally* PHILA CODE § 19-504; *City of Phila. v. Richard J. Silverberg & Assocs. et al.*, No. 1783 C.D. 2017, 2019 WL 1502343, at \*1 (Pa. Commw. Ct. Apr. 4, 2019); Am. Compl. ¶¶ 33-34. But, he never turned over approximately forty thousand dollars in these taxes he collected from his employees to the City. *Richard J. Silverberg & Assocs.,* 2019 WL 1502343, at \*1. Nor did he pay approximately $41,000 in the business privilege and net profit taxes owed during this time. *Id.* Mr. Silverberg's delinquency eventually compelled the City to seek, and be granted, judgment in the Court of Common Pleas in the amount of $310,586.53 (the "2008 Judgment," and this action hereinafter referred to as the "State Tax Case").[2] *Id.*; Am. Compl. ¶ 34.[3]

For twelve years thereafter, Mr. Silverberg did not pay even a penny of the 2008 Judgment, and the City renewed its enforcement efforts in March 2017, as permitted by state

---

[2] The complaint filed in the Court of Common Pleas in March 2008 requested a combined unpaid tax principal in the amount of $85,985.82. *See Silverberg v. City of Phila. et al.*, No. 19-2691, 2019 WL 4059015, at \*2 n.3 (E.D. Pa. Aug. 27, 2019) (itemizing amounts owed). Due to years of nonpayment, Mr. Silverberg and his law firm accrued $224,600.71 in statutory interest, penalties, and fines. *Id.* Neither Mr. Silverberg nor his law firm appeared to contest the tax complaint, and on June 3, 2008, the Philadelphia Court of Common Pleas entered the 2008 Judgment against him by default.

[3] In accordance with Local Rule 5.1.2(6) ("Attachments and Exhibits"), certain documents in the Exhibits attached hereto have been excerpted, where feasible, to include only the first page of the document and any other pages relevant to this Motion. U.S. Dist. Ct. Rules E.D. Pa., Civil Rule 5.1.2(6).

statute. *Richard J. Silverberg & Assocs.*, 2019 WL 1502343, at *2; *see also* 42 Pa. C.S. §

5529(a); Am. Compl. ¶¶ 72-73.  Instead of satisfying the 2008 Judgment, Mr. Silverberg

exhumed the State Tax Case by filing a motion to enjoin its enforcement, claiming that the City

"abandoned" the 2008 Judgment. Am. Compl. ¶ 80; *Silverberg*, 2020 WL 108619, at *2; Am.

Compl., ¶¶ 67-71, *Silverberg I* (attached hereto as Exhibit "A").  The Court of Common Pleas

denied the motion, concluding in a detailed opinion that the City's execution attempts were valid

until June 2028. Am. Compl. ¶¶ 81-82; *City of Phila. v. Richard J. Silverberg & Assocs., P.C.*,

No. 2906 EDA 2017, 2017 WL 5652530, at *3 (Pa. Com. Pl. Oct. 24, 2017).

　　Undeterred, Mr. Silverberg appealed to the Commonwealth Court, adding a new

argument that the City purposefully delayed collection for "tactical" and "financial" purposes.

*See* Brief for Appellant at 23-24, 29, City of Phila. v. Richard J. Silverberg & Assocs. PC, No.

1783 C.D. 2017 (Pa. Commw. Ct. Mar. 28, 2018) (attached hereto as Exhibit "B").  On April 4,

2019, the Commonwealth Court affirmed, concluding that the issues were "ably resolved" by the

Court of Common Pleas. [4]  *Richard J. Silverberg & Assocs.*, 2019 WL 1502343, at **1,3.

　　Given this greenlight by the Commonwealth Court, the City resumed its collection efforts

in April 2019 through Defendant Deputy City Solicitor Brian Cullin. Am. Compl. ¶¶ 101-102.

As with other parties, the City attempted to negotiate a settlement with Mr. Silverberg. *Id.* ¶ 102.

When those efforts were unsuccessful, Mr. Silverberg pursued federal litigation—*Silverberg I*—

asserting a vast (yet totally unsupported) citywide conspiracy of unlawful tax collection practices

---

[4] Mr. Silverberg appealed to the Pennsylvania Supreme Court, which *per curiam*, denied his
Petition for Allowance of Appeal on November 19, 2019.  *See City of Phila. v. Richard J.
Silverberg Assocs., P.C. et al.*, 220 A.3d 533 (Table) (Pa. 2019).

in violation of various state torts and federal laws—including constitutional violations under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.

In *Silverberg I*, Mr. Silverberg's basic premise was this: the City and its officials and employees purposefully sat on older judgments (such as his) so that they could later reap additional interest and penalties.  Without any factual support, he alleged that additional monies received from delayed enforcement were part a scheme to cushion revenue shortfalls caused by the underperformance of the City's beverage tax, and to fund Mayor Kenney's "Rebuild" program—which was also funded in part by a large charitable donation from the William Penn Foundation ("WPF").  Without citing any collection activity other than the City's efforts against him (which state courts had already validated), he alleged the City collected old tax judgments improperly in service of "political initiatives, objectives, and agendas, the Kenney administration, and Mayor Kenney's re-election."  *See generally* Ex. A ¶¶ 131-42.

In *Silverberg I*, Mr. Silverberg twice moved for preliminary injunctive relief. The court denied both motions. *See Silverberg v. City of Phila.*, No. CV 19-2691, 2019 WL 4059015, at *6 (E.D. Pa. Aug. 27, 2019) (denying motion based on Anti-Injunction Act and *Younger* abstention); Nov. 14, 2019 Order, Case No. 2:19-cv-02691-RBS, ECF No. 37 (denying motion based on failure to establish reasonable probability of success and irreparable harm).

On January 8, 2020, this Court dismissed *Silverberg I* without prejudice, finding that it did not have subject matter jurisdiction under the *Rooker-Feldman* doctrine and principles of comity; and otherwise would have refrained from deciding the merits of his non-constitutional claims under the *Younger* abstention doctrine. *Silverberg*, 2020 WL 108619, at **3, 5-7 ("Federal courts are loath to interfere in state tax collection matters and routinely abstain from or

4

otherwise decline to exercise jurisdiction over disputes involving state tax collection.  This is one

of those cases."). Mr. Silverberg appealed to the Third Circuit, which submitted the case on the

briefs and a decision is pending. Docket at 5-6, Richard Silverberg v. City of Phila. et al., No.

20-1257 (3d Cir. 2020) (attached hereto as Exhibit "C").

      B.      **The City Defendants discover assets that Mr. Silverberg concealed and file suit to recover them under the Pennsylvania Uniform Fraudulent Transfer Act.**

On October 1, 2019, the City filed a suit against Mr. Silverberg and his LLC, ELS

Realco, in the Philadelphia Court of Common Pleas alleging violations of the Pennsylvania

Uniform Fraudulent Transfer Act ("PUFTA," this action referred to herein as the "PUFTA

Case").  Docket at 3, City of Phila. v. Silverberg et al., No. 190903805 (Pa. Com. Pl. 2019)

(attached hereto as Exhibit "D"); PUFTA Compl. ¶¶ 4, 13-16, 29, City of Phila. v. Silverberg et

al., No. 190903805 (Pa. Com. Pl. Oct. 1 2019) (attached hereto as Exhibit "E"). The PUFTA

Case arose from the City's discovery that in 2011 (three years after the 2008 Judgment was

entered), Mr. Silverberg formed a shell company—ELS Realco—and funneled at least $618,000

to it to purchase a luxury condominium in Philadelphia for his primary residence.  Ex. E at ¶¶

14-18; 23-25.

For over a year—November 2019 through November 2020—Mr. Silverberg

unsuccessfully attempted to delay and prevent discovery in the PUFTA Case, which ultimately

resulted in a series of sanctions against him and his shell corporation.  He filed *six* motions

requesting a stay of discovery and protective orders [*see* Ex. D at 4, 6, 13, 22-23, 29, 33]; two

premature summary judgment motions [*id.* at 6, 33]; and two requests to disqualify the City's

counsel [*id.* at 23, 26].[5]

_____

[5] The court denied or dismissed all of these motions, with the exception of Mr. Silverberg's first

When his various motions were unsuccessful, Mr. Silverberg simply ignored court orders compelling discovery.  He failed to respond to the City's requests for written discovery and refused to appear for two scheduled depositions. *See, e.g.*, Pl.'s Motion for Sanctions 1-2, City of Phila. v. Silverberg et al. No. 190903805 (Pa. Com. Pl. Sept. 17, 2020) (attached hereto as Exhibit "F"); Pl.'s Motion for Sanctions 1-3, City of Phila. v. Silverberg et al. No. 190903805 (Pa. Com. Pl. Oct. 2, 2020) (attached hereto as Exhibit "G").  For his noncompliance, on October 6, 2020, the Court sanctioned Mr. Silverberg and ELS by deeming all requests for admissions as admitted, and compelling them to appear for depositions within ten days. *See* Ex. D at pp. 39-41; Oct. 6 Orders, City of Phila. v. Silverberg et al. No. 190903805 (Pa. Com. Pl. Oct. 6, 2020) (attached hereto as Exhibit "H").  For the third time, Mr. Silverberg (on behalf of himself and ELS) failed to appear for their depositions.  As a final sanction, the court granted default judgment against them in the amount of $340,581.00 (the "PUFTA Default Judgment") and specifically permitted the City to move forward with levying and executing against the condo to satisfy the judgment.  Ex. D at pp. 46-47.  On November 23, 2020, Mr. Silverberg and ELS Realco appealed to Commonwealth Court and the appeal remains pending.  *Id*. at 48.

C.    **Mr. Silverberg attempts to thwart the City's collection efforts in state court by filing *Silverberg II.***

On October 12, 2020, Mr. Silverberg initiated *Silverberg II* by filing the original complaint in this case. *See* Compl., Oct. 12, 2020, ECF No. 1. The factual allegations and legal theories of *Silverberg II* are nearly identical to the factual allegations and legal theories of *Silverberg I. See generally* Ex. A & Am. Compl, ECF No. 14. The only real differences between

---

motion to stay, which was withdrawn, and the second motion for summary judgment which is now mooted by the Default Judgment. Ex. D at 5, 10-11, 21, 26, 31, 40, 43.

the two cases are: (1) the addition of the WPF defendants and; and (2) additional allegations regarding the PUFTA Case, which is itself a state court proceeding arising from the City Defendants' ongoing efforts to enforce the Judgment in the State Tax Case.

Mr. Silverberg did not attempt to serve the Complaint or obtain a waiver of service for many weeks; on December 15, 2020, the City Defendants signed waivers of service. *See* ECF Nos. 3-11. On January 6, 2021, counsel for City Defendants served Mr. Silverberg with a Motion for Sanctions, accompanying Memorandum of Law, and Exhibits A-R in satisfaction of Fed. R. Civ. P. 11(c)(2). *See* Mot. For Sanctions Mem. of Law, ECF No. 17, at p. 9. On January 29, 2021, Mr. Silverberg doubled down on his claims by filing the Amended Complaint in this case, which kept intact all original claims against the City Defendants and WPF Defendants, and tacked on additional claims against a new defendant, Court of Common Pleas Judge Joshua Roberts, who presided over the PUFTA case. *See generally* Am. Compl, ECF No. 14.

On February 8, 2021,[6] Mr. Silverberg filed a Motion for Temporary Restraining Order and/or Preliminary Injunction seeking to enjoin both the State Tax Case and PUFTA Case in state court. ECF No. 15 (referred to herein as "TRO").  Essentially, Mr. Silverberg claims that an injunction is necessary because Judge Roberts' "continuing participation and actions in the tax and PUFTA matters violates plaintiffs' right to procedural due process and to free speech/petition." *Id.* at p. 1.

---

[6]  On the same day, the City Defendants filed its Motion for Sanctions under Rule 11, seeking dismissal without prejudice of the Amended Complaint and referral to the Disciplinary Board of the Supreme Court of Pennsylvania. ECF No. 17. On February 11, 2021, the Court issued an Order for Defendants to file a response to Mr. Silverberg's TRO Motion and for Mr. Silverberg to file a response to City Defendants' Motion for Sanctions on or before February 22, 2021. ECF No. 20.

III.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 65 governs the Court's authority to enter preliminary injunctions and temporary restraining orders.  *Winter v. N. Res. Def. Council*, 555 U.S. 7, 20 (2008).  "A preliminary injunction is an extraordinary remedy," *Am. Freedom Def. Initiative v. SEPTA*, 92 F. Supp. 3d 314, 321 (E.D. Pa. 2015) (citations omitted), which "may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22. The test for preliminary injunctions and temporary restraining orders is well-established:

> The moving party must show: (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. Moreover, in considering whether to grant a preliminary injunction, a trial court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*See Del. River Port Auth. v. Transamerican Trailer Transp., Inc.,* 501 F.2d 917, 919-20 (3d Cir. 1974) (citations omitted).  In the Third Circuit, "a movant for preliminary equitable relief must meet the threshold for the first two "most critical" factors," and if those are met "a court then considers the remaining two factors."  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

IV.   **ARGUMENT**

A. **The District Court Lacks Subject Matter Jurisdiction to Consider the Requested Injunctive Relief Under the Tax Injunction Act.**

Mr. Silverberg again requests that a federal court intervene with an ongoing state tax collection matter by entering an injunction in the underlying State Tax Case and PUFTA Case. As this Court already determined in *Silverberg I*, *Silverberg II* amounts to nothing more than an attempt to attack and restrict enforcement of valid state court judgments–namely, the 2008 Judgment and now the PUFTA Default Judgment.  As such, this Court does not have jurisdiction to consider Mr. Silverberg's TRO under the Tax Injunction Act.

The strong preference for the litigation of state tax issues in state courts rather than federal courts is reflected in the Tax Injunction Act ("TIA"), which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341 (emphasis added).

Essentially, the TIA prohibits federal courts from injunctive relief that would enable "state taxpayers . . . to avoid paying state taxes." *Hibbs v. Winn*, 542 U.S. 88, 107 (2004). Because it "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations," federal courts apply the TIA broadly and it serves as "an almost impenetrable barrier to state tax challenges in federal court." *Behe v. Chester Cnty. Bd. of Assessment Appeals*, 952 F.2d 66, 68 (3d Cir. 1991) (quotations omitted). Importantly, the TIA blocks any type of federal or state challenge, including those derived from the Constitution or federal statute and, as pertinent here, applies to local and municipal taxes as well as state taxes. *See, e.g., Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522-23 (1981); *Behe*, 952 F.2d at 68; *see also Gass v. Cty. of Allegheny*, 371 F.3d 134, 137-38 (3d Cir. 2004) (applying TIA to Section 1983 challenge of property assessment).

Through his request, Mr. Silverberg is seeking the exact injunctive relief prohibited by the TIA. By requesting a stay of both the State Tax Case and the PUFTA Case, he seeks a federal order enjoining the City from all collection and enforcement activities against Plaintiffs, which would enable him to avoid paying the taxes that are the subject of two state court judgments against him. Because his claims directly attack how the City has collected its taxes, the TIA's first requirement—that the plaintiff challenge the assessment, levy, or collection of any tax—is clearly satisfied.

9

In addition, with respect to the second factor, Mr. Silverberg had a "plain, speedy, and efficient" state law remedy.  In this respect, the TIA "only requires access to the state courts and an opportunity for meaningful review" to strip a federal district court of jurisdiction.  *Gass*, 371 F.3d at 139; *see also Rosewell*, 450 U.S. at 514-15 (a state's remedy is adequate provided that state procedures do not preclude "preservation and consideration" of "federal rights").

The record in both this case and *Silverberg I* shows that Mr. Silverberg has had, has taken, *and still has*, opportunities to challenge 2008 Judgment and PUFTA Judgment against him and the City's processes for collection and enforcement of these judgments; as well as his new "biased adjudicator" allegations.  First, Mr. Silverberg could have presented his Section 1983 and RICO claims in state court, but chose not to do so.  *See Taffin v. Levitt*, 493 U.S. 455, 458 (1980) ("[S]tate courts have inherent authority, and thus are presumptively competent, to adjudicate claims arising under the laws of the United States."); *see also Smalis v. Allegheny Bd. of Prop. Assessment*, 632 F. App'x 78, 80 (3d Cir. 2016) (unpublished) (plaintiff's "own lack of diligence" did "not detract from the availability of an adequate state court remedy" (internal quotation marks and citation omitted).

With respect to the injunctive relief he now seeks, state courts and mechanisms provide Mr. Silverberg multiple avenues of relief.  Mr. Silverberg availed himself of these remedies by appealing the PUFTA Default Judgment, which remains pending before the Commonwealth Court.  City of Phila. v. Richard J. Silverberg & ELS Realco, LLC, No. 1284 CD 2020 (Pa. Commw. 2021).  If Mr. Silverberg wished to stay execution on the PUFTA Default Judgment or the ongoing state court proceedings, he could have applied for supersedeas and posted a bond under the Pennsylvania Rules of Appellate Procedure.  *See* Pa. R.A.P. 1732, 1736.  Instead, he

chose to initiate another federal case and collaterally pursue this TRO.[7]

Accordingly, because Mr. Silverberg (1) requests that this court intervene in the collection of state taxes and (2) he has adequate state law remedies, the TIA squarely requires denial of the Motion.

> ### B. Notwithstanding its lack of subject matter jurisdiction, this Court should otherwise abstain from granting the requested injunctive relief under the *Younger* abstention doctrine.

Even if Tax Injunction Act did not present a complete jurisdictional bar to Mr. Silverberg's TRO request, this Court should abstain from intervening under the *Younger* doctrine because it would interfere with the ongoing enforcement proceeding.

Under the *Younger* abstention doctrine, a federal district court may not enjoin pending state proceedings absent extraordinary circumstances. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Younger v. Harris*, 401 U.S. 37 (1971). Principles of comity and federalism require this result. *See Middlesex*, 457 U.S. at 436. Further, abstention prevents "litigants . . . [from] tak[ing] multiple bites from the same apple" by pursuing a claim in more than one forum. *Bryant v. Sylvester*, 57 F.3d 308, 312 (3d Cir. 1995), *vacated on*

---

[7] Further, even for alleged harm that occurs *after* state appellate review, Mr. Silverberg still has an adequate state remedy. State law provides post-deprivation mechanism for challenging tax liens filed against a property. As this Court correctly decided in *Silverberg I*, the language of Pennsylvania Rule of Civil Procedure 3121, which provides for a stay of execution, is broad: "[e]xecution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing (1) a defect in the writ, levy, or service; or (2) *any other legal or equitable ground therefor*." Pa. R.C.P. 3121 (emphasis added). Further, the fact that the Court of Common Pleas and the Commonwealth Court previously denied Mr. Silverberg relief (and the possibility that these courts deny future related claims), these results do not mean that he is without adequate state remedy. *See Gass*, 371 F.3d at 139 ("The Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review.").

*other grounds by* 516 U.S. 1105 (1996).

*Younger* abstention is appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims. *See Middlesex*, 457 U.S. at 432.  Here, all three prongs are easily established.

First, the PUFTA Case is an ongoing state court judicial proceeding currently on appeal, and the State Tax Case remains open for enforcement purposes.  Second, both the State Tax Case and PUFTA Case involve important state interests regarding the enforcement of state court judgments and the collection of the City's local wage taxes.[8]  Third, for the reasons set forth above (respecting the TIA), the state court proceedings afford Mr. Silverberg an adequate

---

[8] The City Defendants are mindful of this Court's position in *Silverberg I* that Section 1983 claims for damages based on a defendant's conduct (as opposed to the constitutionality of a state statute itself) cannot satisfy the "important state interest" to be a state interest under *Younger*: "Where a plaintiff is seeking damages based on a state official's alleged unconstitutional conduct, the second prong of the *Younger* test cannot be satisfied." *See Silverberg v. City of Phila.*, No. 19-2691, 2020 WL 108619, at *6 (E.D. Pa. Jan. 8, 2020) (quoting *UPMC v. City of Pittsburgh*, No. 13-563, 2013 WL 5777157, at *11 (W.D. Pa. Oct. 25, 2013) (citing *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 414-15 (3d Cir. 2005)).  Thus, this Court determined that for purposes of *Younger*, Mr. Silverberg's § 1983 claims for violations of free speech and due process rights "must be treated differently than his non-§ 1983 claims.

Here, Mr. Silverberg's TRO asserts that Judge Roberts violated his due process and free speech rights.  However, because he requests injunctive relief (as opposed to damages), *Younger* abstention is still appropriate to the extent the requested injunction would "nullify" or "would result in a *de facto* review" of decisions "currently under review in the state courts." *Gwynedd Props., Inc.*, *v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1204 (3d Cir. 1992) (declining to enjoin ongoing state case under *Younger* abstention to consider Section 1983 due process claims), *abrogated on other grounds by PDX North, Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 970 F.2d 1195 (3d Cir. 2020); *see also Wattie-Bey v. Att'y General's Office*, 424 F. App'x 95, 96 (3d Cir. 2011) (unpublished) (differentiating between requests for injunctive relief and damages in the *Younger* context).  The requested injunctive relief—staying two state court cases—would unquestionably have the effect of *de facto* federal court review.

opportunity to raise the claims that he has asserted in this federal court action.  Accordingly, because all three prongs of *Younger* are satisfied, principles of comity dictate that this Court should abstain from deciding the instant motion (along with the underlying matter).

Further, in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), the Supreme Court clarified that *Younger* abstention applies in "exceptional circumstances" such as "civil enforcement proceedings" and "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."  *See Sprint*, 571 U.S. at 73, 77-78.  The Court's holding in *Sprint* further supports abstention here, where Plaintiff is attempting to enjoin state court proceedings that were initiated by the City of Philadelphia to enforce a state court money judgment.  *Younger* abstention is appropriate here, under the tests articulated in both *Sprint* and *Middlesex*.  For this reason, the Court should abstain under *Younger* and the Motion should be denied.

Nor can Mr. Silverberg allege any "exceptional circumstance" exception to *Younger* abstention principles that would require federal court intervention. *See Shank v. E. Hempfield Twp.*, No. 09-cv-2240, 2010 WL 2854136, at *5 (E.D. Pa. July 20, 2010) (*Younger* abstention is not appropriate if the plaintiff establishes that 'extraordinary circumstances exist ... such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.").  Mr. Silverberg repeatedly asserts that an injunction is necessary because Judge Roberts is now a "biased adjudicator."  While it is true that "[j]udicial bias is a recognized basis for derailing *Younger* abstention," *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 639 (1st Cir. 1996),  Mr. Silverberg's manufactured and conclusory assertions of bias offer no convincing argument as to why Judge Roberts' alleged misconduct has tainted the state appeals process requiring immediate federal intervention.

13

*Kugler v. Helfant*, 421 U.S. 117, 124-27 (1975) (finding no bias exception to *Younger* was warranted where plaintiff's claims of judicial misconduct did not show "that the objectivity of the entire [state] court system has been irretrievably impaired so far as [plaintiff] is concerned"); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 631 (E.D. Pa. 2014) (finding, in civil case, plaintiff's conclusory allegations that certain judges were bribed or had conspired against him did not show that state court proceedings were biased).

Accordingly, because the City's tax collection efforts is a civil enforcement proceeding, the three *Middlesex* prongs are satisfied, and Mr. Silverberg failed to show any exceptional circumstance that would warrant federal intervention, the *Younger* abstention limits this Court's ability to intervene in the State Tax Case and PUFTA Case.

### C.  Plaintiffs have failed to establish likelihood of success on the merits and irreparable harm.

#### i.  Plaintiffs have failed to show a reasonable probability of eventual success in the litigation

First, and as discussed above, Mr. Silverberg is not likely to succeed in his litigation because he cannot overcome several longstanding threshold legal doctrines. *See United States v. Fiumara*, 605 F. 2d 116, 117 (3d Cir. 1979) ("[W]e must not weigh only the likelihood of success on the merits but also whether defendant will be able to satisfy the threshold requirements of jurisdiction."). Specifically, the *Rooker-Feldman* doctrine, Tax Injunction Act, and principles of comity divest this Court of jurisdiction over the claims in the Amended Complaint. However, even if this Court had jurisdiction to hear Mr. Silverberg's claims, it its well within its rights to abstain under the *Younger* doctrine. Further still, *res judicata* precludes Mr. Silverberg's renewed crusade against the City Defendants in *Silverberg II*.

Even if all of these threshold issues were not a complete bar to *Silverberg II*, Mr. Silverberg, by merely stating that "it was reasonably probable" that he would "eventually

succeed" in this litigation, failed to carry his burden of demonstrating a reasonable likelihood of success on the merits.  Nor could he—Mr. Silverberg's various RICO, Section 1983, and state court claims are meritless, and the City Defendants will reiterate these defenses in a forthcoming Motion to Dismiss.[9]

### ii.  **Plaintiffs failed to establish that they would be irreparably harmed without the requested injunctive relief.**

Mr. Silverberg's motion should be denied because he has failed to show that denial of the requested preliminary injunctive relief would cause him irreparable harm. Mr. Silverberg attempts to satisfy the irreparable harm prong by alleging that his due process and First Amendment rights will be violated if the state court proceedings continue. This argument fails for two reasons. First, Mr. Silverberg has not established that he would suffer a harm that cannot be redressed by a legal or equitable remedy in this case. Second, the narrow "per se" exception for irreparable harm has no application here.

---

[9] Even a cursory examination of the merits reveals no reasonable legal or factual basis for *Silverberg II*.  Like *Silverberg I*, *Silverberg II* sets forth only conclusory and implausible factual averments and boilerplate recitations of the law.   Specifically, his Section 1983 claims fail to articulate a policy or custom that would establish municipal liability' further his claims were limited to only personal grievances.  With respect to the individual City Defendants, Mr. Silverberg failed to allege sufficient facts—let alone plausible ones—that they were personally involved or otherwise violated a "clearly established right."  His RICO claims fail for two main reasons.  First, it is well-established that civil RICO actions cannot be brought against municipal corporations.  Second, with respect to the individual City Defendants, he has not alleged any facts (other than boilerplate conclusions) showing that their actions constituted the necessary predicate acts of racketeering activity in the form of extortion, witness tampering, obstruction of justice, mail/wire fraud, or conspiracy.  Moreover, because Mr. Silverberg is still unable to allege any facts sufficient to establish wrongful intent, the City Defendants are entitled to immunity under the Pennsylvania Political Subdivisions Torts Claims Act for the state tort claims.  The City Defendants hereby incorporate by reference the arguments made in their Brief in Support of Motion to Dismiss and Third Circuit brief filed in *Silverberg I*.  *See* Brief for Defendants, Silverberg v. City of Phila., No. 19-cv-2691 (E.D. Pa. Sept. 17, 2019), ECF No. 23 (attached hereto as Exhibit "I"); Brief for Appellees, Silverberg v. City of Phila., No. 20-1257 (3d Cir. June 9, 2020), ECF No. 25 (attached hereto as Exhibit "J").

As the Third Circuit explained in *Acierno v. New Castle County.*, 40 F.3d 645 (3d Cir. 1994), to show irreparable harm a plaintiff must "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Id.* at 653 (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir.1989)). Monetary or economic loss does not constitute irreparable harm. Likewise, "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Id.* As the Supreme Court explained:

> The key word in this consideration is **irreparable**. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray,* 415 U.S. 61, 90 (1974) (emphasis added).

Thus, to qualify as "irreparable harm" that warrants a preliminary injunction, the injury must "be of a peculiar nature, so that compensation in money cannot atone for it." *Acierno*, 40 F.3d at 653. Mr. Silverberg does not even attempt to establish irreparable harm under this traditional test. This is unsurprising, as money is the core issue of the state court proceedings. The City is seeking enforcement of a tax judgment against Mr. Silverberg and his LLC, and Mr. Silverberg refuses to pay. Instead, Mr. Silverberg argues that he is irreparably harmed by alleged violations of his due process and First Amendment rights.

Under certain circumstances, a constitutional violation can constitute "per se" irreparable harm. In the Third Circuit, the "per se" rule is typically applied in cases involving alleged First Amendment free speech violations. However, "[t]he assertion of First Amendment rights does not automatically require a finding of irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 73 (3d. Cir. 1989). "Rather the plaintiff must show a chilling effect on free expression." *Id.* (quotations omitted). Where there is no specific evidence of a chilling effect on speech, the per se rule does

16

not apply and the plaintiff must establish irreparable harm under the traditional test. *See Benner v. Wolf*, 461 F. Supp. 3d 154, 167 (M.D. Pa. 2020) (finding no chilling effect on free speech because "Pennsylvanians are permitted to fully express their opinions on the Internet, through the mails, and in public protests").

Here, there is no chilling effect on Mr. Silverberg's speech. Mr. Silverberg continues to have full access to this Court and to the state courts to voice his grievances related to the City Defendants' ongoing efforts to enforce the City's tax judgment against Mr. Silverberg and the management of those cases by the First Judicial District. As Defendant the Honorable Joshua Roberts points out in his brief in opposition to Mr. Silverberg's Motion, Mr. Silverberg has at times opted not to be heard in the state court proceedings by failing to appear for hearings and failing to pursue the appropriate procedure for seeking recusal of Judge Roberts. *See* Roberts Br. (ECF No. 26) at pp.12-13. Mr. Silverberg's speculation regarding future retaliation in the state court proceedings does not constitute irreparable harm. *See Hohe v. Casey*, 868 F.2d 69, 73.

Further, there is no "per se" rule for violations of substantive or procedural due process or for injuries to real property.  *See Acierno v. New Castle Cty.*, 40 F.3d 645, 654 (3d Cir. 1994) (reversing the grant of a preliminary injunction involving alleged violations of substantive and procedural due process and equal protection because "any actionable harm [plaintiff] may suffer, if it is ultimately determined that the County violated his constitutional rights, can be remedied by an award of money damages"); *KP First Ave., L.P. v. Prentiss Properties Acquisition Partners, L.P.*, No. CIV. A. 01-1396, 2001 WL 438416, at *5 (E.D. Pa. Apr. 26, 2001).

Because "per se" irreparable harm does not apply here and because Mr. Silverberg has not even attempted to establish that he will suffer injuries that cannot be redressed, Mr. Silverberg cannot establish irreparable harm and his Motion should be denied.

17

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs' motion should be denied.[10]

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA CORTES, ACTING CITY SOLICITOR

*/s/ Lydia Furst*

By: **Lydia Furst, Esq.**
Deputy City Solicitor
Affirmative & Special Litigation
P.A. Bar No. 307450
(215) 683-3573 / lydia.furst@phila.gov

*/s/ Meghan Byrnes*

By: **Meghan Byrnes, Esq.**
Deputy City Solicitor
Appeals
P.A. Bar No. 321316
(215) 683-5011 / meghan.byrnes@phila.gov
*Attorneys for City Defendants*

Dated: February 22, 2021

---

[10] This Memorandum focuses on the threshold jurisprudential matters and Mr. Silverberg's failure to establish the critical elements of irreparable harm and reasonable probability of success on the merits.  In addition, even if Plaintiff can overcome these threshold issues (he cannot), the public interest and the harm to the City and its residents if the City's collection and enforcement actions in state court are enjoined outweigh the alleged harm to Mr. Silverberg  if his TRO is denied. To the extent that Mr. Silverberg's Motion for a Preliminary Injunction remains pending, the City will present its opposition based upon these additional factors in briefing and at a hearing.

## CERTIFICATE OF SERVICE

I, Meghan Byrnes, hereby certify that I caused to be served today one copy of the foregoing **City Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order** and accompanying memorandum of law upon the persons and in the manner indicated below:

Via CM/ECF:

Richard J. Silverberg
P.O. Box 30433
Philadelphia, PA 19103
*Attorney for Plaintiff*

BRIAN P. FLAHERTY
COZEN O'CONNOR
ONE LIBERTY PLACE
1650 MARKET STREET, STE. 2800
PHILADELPHIA, PA 19103
215-665-2000

ARIANNA K. MCLAUGHLIN
COZEN O'CONNOR
1650 MARKET ST SUITE 2800
PHILADELPHIA, PA 19103
215-665-2143

*Attorneys for WPF Defendants*

MARTHA GALE
ADMINISTRATIVE OFFICE OF PA COURTS
1515 MARKET STREET
SUITE 1414
PHILADELPHIA, PA 19102
215-560-6300

*Attorney for Hon. Joshua Roberts*

*/s/ Meghan Byrnes*
Meghan Byrnes
City of Philadelphia Law Department

Dated: February 22, 2021